# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN RANDALL BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-321-GKF-TLW |
| | ) | |
| 1) NORRIS SUCKER RODS, | ) | |
| 2) NORRIS RODS, | ) | |
| 3) NORRIS, | ) | |
| 4) NORRIS CORP., | ) | |
| 5) THE NORRIS COMPANY, | ) | |
| 6) NORRIS OIL CO., | ) | |
| 7) NORRIS, A DIVISION OF DOVER FLUID | ) | |
| MANAGEMENT, INC., | ) | |
| 8) DOVER CORPORATION, AND | ) | |
| 9) DOVER, INCORPORATED, | ) | |
| | ) | |
| Defendants. | ) | |

## **AMENDED OPINION AND ORDER**[1]

This matter comes before the court on the Motion to Dismiss Second Amended Complaint (Dkt. #38) of defendant Norris, a Division of D over Fluid Management, Inc. ("Norris"). Norris argues that the Second Amended Complaint (Dkt. #33) should be dismissed for three reasons: 1) a 2010 amendment to Oklahoma's Workers' Compensation Act eliminated "substantial certainty" tort claims, 2) another 2010 am endment precludes plaintiff from maintaining claims in both Workers' Compensation Court and district court, and 3) plaintiff failed to state a plausible claim upon which relief can be granted.

---

[1]This document amends footnote 4 in the Opinion and Order dated August 18, 2011, as reflected in footnote 5, below.

## I. Statutory Elimination of "Substantial Certainty" Tort Claims

Section 11 of the Oklahoma Workers' Compensation Act (the "OWCA") prescribes employer liability for the "disability or death of an employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of employment, without regard to fault." 85 O.S. § 11. Section 12 of the OWCA makes that liability "exclusive and in place of all other liability of the employer." 85 O.S. § 12. The Oklahoma Supreme Court has long recognized, however, that in some cases "an employee who has been wilfully injured by his employer [may] ha[ve] a common law action for damages." *Roberts v. Barclay*, 369 P.2d 808, 809 (Okla. 1962). In 2005, the Oklahoma Supreme Court "rejected the proposition that the specific intent to harm is required for an employer's conduct to be actionable in tort," and adopted the "substantial certainty" standard. *Parret v. UNICCO Serv. Co.*, 127 P.3d 572, 578-579 (Okla. 2005). Under the "substantial certainty" standard, an employer's conduct amounts to an intentional tort if the employer "acted with the knowledge that such injury was substantially certain to result from the employer's conduct." *Id.* at 579.

On December 25, 2007, two years after the Oklahoma Supreme Court decided *Parret*, plaintiff John Randall Berry ("Berry") was injured on the job. Berry timely filed this *Parret* tort action in state district court on September 1, 2009.

In 2010, the Oklahoma Legislature eliminated *Parret* tort claims with the following amendment to § 12 of the OWCA: "[a]llegations or proof that the employer had knowledge that

such injury was substantially certain to result from its conduct shall not constitute an intentional tort." The amendment took effect on August 27, 2010.²

The initial issue posed by the motion to dismiss is whether the 2010 amendment eliminating *Parret* tort claims applies retroactively to require the dismissal of Berry's *Parret* claim. The Legislature did not expressly make the amendment retroactive.

Generally, "the law in effect at the time of the employee's injury controls." *Am. Airlines Inc., v. Crabb*, 221 P.3d 1289, 1291 (Okla. 2009) (citations omitted). This is because "the right of an employee to workers' compensation arises from the contractual relation between the employee and employer on the date of injury," and "[t]he statute in effect on the date of injury forms a portion of the contract of employment and determines the *substantive rights* and obligations of the parties." *Scruggs v. Edwards*, 154 P.3d 1257, 1261 (Okla. 2007) (citing *Cole v. Silverado Foods, Inc.*, 78 P.3d 542, 546 (Okla. 2003).³ "Thus, the general rule is that no subsequent statutory amendment can operate retrospectively to affect in any way the substantive rights and obligations which are fixed on the date of injury." *Id.* (citing *King Mfg. v. Meadows*, 127 P.3d 584, 589 (Okla. 2005)); *CNA Ins. Co. v. Ellis*, 148 P.3d 874, 877 (Okla. 2006).

An exception to the general rule is that amendments relating solely to remedies and affecting only modes of procedure "are generally held to operate retroactively and apply to pending proceedings. *Id.* (citing *King Mfg. v. Meadows*, 127 P.3d at 589). "Statutes that relate solely to remedies and hence affect only modes of procedure – *i.e., enactments which do not create, enlarge,*

---

²After the parties submitted their briefs, Oklahoma passed a comprehensive workers' compensation reform measure. The language contained in the 2010 amendment to 85 O.S. § 12 is found in the new statute recodified at 85 O.S. § 302 (B). *See* 2011 Okla. Sess. Law Serv. Ch. 318 (S.B. 878):
http://www.oklegislature.gov/BillInfo.aspx?Bill=SB%20878

³Berry's right to bring a *Parret* tort claim in 2007 arose from caselaw, not statutory law.

3

*diminish, or destroy accrued or contractual rights* – are generally held to operate retroactively and apply to pending proceedings (unless their operation would affect substantive rights)." *Cole v. Silverado Foods, Inc.*, 78 P.3d 542, 546 (Okla. 2003) (emphasis in original).

The 2010 amendment eliminating *Parret* tort claims explicitly eliminates an employee's right to bring an intentional tort claim premised on the "substantial certainty" standard. Chief Judge Eagan of this Court recently reached the same conclusion: "it is clear that the amendment *substantively alters a party's right to bring an intentional tort claim outside of the scope of the OWCA.*" *Shue v. High Pressure Transports, LLC*, 2010 WL 4824560 at *5 (N.D. Okla. 2010) (emphasis added). "[T]he substantial certainty test had not been legislatively overruled when plaintiff filed this case, and plaintiff may proceed with an intentional tort based on a substantial certainty theory." *Id.*[4] Because the statutory elimination of *Parret* tort claims affected substantive rights, it may not be applied retroactively. The court therefore rejects Norris's first ground for dismissal.

---

[4]Norris argues the Court should follow the Michigan Court of Appeals and hold that Oklahoma's 2010 amendments were merely procedural in nature and should be applied retroactively. *Schefsky v. Evening News Assoc.*, 425 N.W. 2d 768 (Mich. Ct. App. 1988). *Schefsky* is easily distinguished from the case at bar. There, Schefsky filed suit on April 1, 1986, a time when controversy and uncertainty existed regarding whether Michigan's original Workers' Disability Compensation Act ("WDCA") permitted "substantial certainty" tort claims. The Michigan Supreme Court adopted the "substantial certainty" standard on December 23, 1986. *Beauchamp v. Dow Chemical Co.*, 398 N.W.2d 882 (1986). Less than five months thereafter, the Michigan legislature amended the exclusive remedy provision of the WDCA. The amended provision specifically includes an exception for the intentional torts of employers – "The only exception to this exclusive remedy is an intentional tort. An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury." *Schefsky,* 425 N.W.2d at 770 (*quoting* 1987 P.A. 28). The Michigan Court of Appeals held that the amendment was remedial or procedural in nature as it was "prompted by the desire to correct or clarify the existing uncertainty regarding the original act." *Id.* Moreover, the amended statute explicitly stated that it "shall not enlarge or reduce rights under law." *Id.* Here, in contrast, the right to bring a *Parret* tort existed for five years, and was a well-established substantive right at the time of Berry's injury.

## II. Maintenance of Two Actions

The 2010 amendments also added the following new provision to § 12 of the OWCA: "in the case of an intentional tort, the injured employee or his legal representative may maintain an action either in the Workers' Compensation Court or in the courts, but not both." 85 O.S. § 12(v). Norris contends the amendment applies to existing *Parret* tort claims and requires dismissal of this action.

Like the amendment addressed in Section I, above, the amendment prohibiting an employee from maintaining both a *Parret* action and an OWCA action substantively alters an employee's right to maintain a *Parret* claim outside the scope of the OWCA. If, as Norris contends, the amendment is applicable to pre-existing claims, injured workers like Berry who brought both claims prior to 2010 may maintain only one of the rights of action. Thus, the new amendment alters Berry's previously-accrued, substantive right to pursue both rights of action.[5]

Norris argues that when the Legislature amended the statute to permit an injured employee to "maintain an action either in the Workers' Compensation Court or in the courts, but not both," it necessarily implied that the amendment has retroactive effect on pending actions. In Oklahoma, statutes are considered to have prospective operation only unless the legislative intent to the contrary is clearly expressed or necessarily implied from the language used." *Rea v. Wichita Mortg. Corp.*, 747 F.2d 567, 571 (10th Cir. 1984) (citing *State Bd. of Registration for Prof'l Engineers & Land Surveyors v. Engineered Coatings, Inc.*, 542 P.2d 508, 509 (Okla. 1975)).

---

[5]Norris argues that the law previously prohibited a double recovery, and therefore this is merely a procedural change. The actions in Workers' Compensation Court and in district court are separate and distinct, however, and constitute separate actions in which to seek compensation for partially overlapping elements of damage.

5

Article V, Section 52 of the Oklahoma Constitution prohibits the result Norris seeks. "After suit has been commenced on any cause of action, the Legislature shall have no power to take away such cause of action, or destroy any existing defense to such suit."[6] Once plaintiff Berry commenced his *Parret* tort action and his Workers' Compensation action, the Legislature had no power to take one of the actions away by forcing Berry to elect between them. Moreover, this Court is unconvinced that the word "maintain" necessarily implies legislative intent to apply the amendment to pre-existing actions.

### III. Plaintiff Berry's *Parret* Tort Claim

To satisfy the "substantial certainty" standard, more than knowledge and appreciation of the risk is necessary:

> "The employer must have knowledge of more than 'foreseeable risk,' more than 'high probability,' and more than 'substantial likelihood.' Nothing short of the employer's knowledge of the 'substantial certainty' of injury will remove the injured worker's claim from the exclusive remedy provision of the Workers' Compensation Act, thus allowing the worker to proceed in district court."

*Parret*, 127 P.3d at 579.

Berry has alleged that the turret lathe machine that injured him was "so designed that it was substantially certain to malfunction," that two other employees had previously been injured when the turret lathe machine malfunctioned in the same or similar manner, that one of the prior injuries had occurred shortly before Berry's, and that Norris had removed the "emergency stop(s)" on the turret lathe machine which would have prevented Berry's injury.

---

[6] Neither party cites or discusses Article V, Section 52 in their briefs. The Constitutional provision is also dispositive with respect to Norris's arguments discussed in Section I, above.

6

In evaluating a motion to dismiss for failure to state a claim upon which relief may be granted, a court must take the allegations in the complaint as true. In doing so, this Court concludes that Berry has stated a *Parret* claim upon which relief can be granted.

## IV. Conclusion

For the reasons stated above, the court concludes that the amendments to the Workers' Compensation Act cannot be retroactively applied to this action. Berry has pleaded facts sufficient to state a claim for a *Parret* tort. Therefore, the Motion to Dismiss Second Amended Complaint (Dkt. #38) of defendant Norris, a Division of Dover Fluid Management, Inc., is denied.

IT IS SO ORDERED this 24th day of August, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma